# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

FILED - USDC - NDTX - AB
DEC 29 2023 PM3:19

SONJA J PALMER
Plaintiff

v.

ADVANTAGE RESOURCE STAFFING
Defendant

1-23CV-0244C

Civil Action No.

## COMPLAINT

PLEASE SEE ATTACHED COMPLAINT

\* Attach additional pages as needed.

Date: December 29, 2023

Signature:

Print Name:

Address: 1142 Burger St

City, State, Zip: Abilene, Texas 79603

Telephone: (720)205-2233

in the United States District Court
For The Northern District of Texas

| | |
|---|---|
| SONJA J PALMER<br>1142 BURGER ST<br>ABILENE, TEXAS 79603<br>(720)205-2233 \|<br>Palmer.sonja@yahoo.com<br><br>**Plaintiff,**<br>vs.<br><br>ADVANTAGE RESOURCING STAFFING<br>400 PINE ST<br>ABILENE, TEXAS 79601<br><br>**Defendant,** | Case No.:<br><br>**JURY TRIAL DEMAND** |

## COMPLAINT

Plaintiff, Sonja J Palmer

1. This action is brought on behalf of Sonja J Palmer to enforce the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). Prohibits employment Discrimination based on race, color, religion, sex and national origin.

2. All conditions precedent to the filing of the suit have been satisfied.

## JURISDICTION AND VENUE

3. The court has jurisdiction of the action under 42 U.S.C. § 2000e-5(f)(3) because this is the district where the unlawful employment practice is alleged to have been committed

## PARTIES

Page 1 of 8

4. Plaintiff, Advantage Resourcing Staffing, is a business located in the city Of Abilene, Texas, Taylor County within the United States

5. Defendants, corporate office is in Cincinnati, OH in the United States.

## STATEMENT OF EEOC CHARGE

6. Plaintiff filed a timely charge of discrimination on August 15, 2022, with the Texas Workforce Commission Civil Rights Division, TWCCRD: 1A23297 EEOC: 31C-2023-00247. In her charge the Plaintiff allege she was discriminated against to include Training, Harassment, Terms/Conditions, Retaliation and Wrongful Illegal Termination based on her race, black and disability Pursuant to Section 706 of Title VII, as amended, 42 U.S.C. § 2000e-5,. Plaintiff and Defendants Advantage Resource Staffing was offered Alternative Dispute Resolution, however Defendants denied participating in Alternative Dispute Resolution. The Civil Rights Commission investigated the charge. Plaintiff was notified that the 180 for investigation had passed and Plaintiff could request a **NOTICE OF RIGHT TO FILE CIVIL ACTION.** Plaintiff exercised her rights and filed in both State and Federal Courts.

## FACTUAL ALLEGATIONS

7. On October 21, 2022, Plaintiff was hired to work as a temporary worker for Defendants, Advantage Resourcing Staffing. Plaintiff accepted a temporary to permanent position with Defendant's Customer/Client Softvest, LLC. After six-month Plaintiff would be offered a regular position

8. Within several days on the assignment Plaintiff noticed she was not receiving adequate training compared to the other employees.

9. Plaintiff was told by customer supervisor that if she had any questions pertaining to procedure of processing clients' accounts to present all questions to the customer onsite supervisor.

10. Since Plaintiff didn't receive good training, she had to keep asking questions.

11. Plaintiff complained to Advantage Resource Staffing Supervisor Anna about the lack of training received and the fact she had to keep asking questions because every process for each account Plaintiff was processing was different. Plaintiff told Defendants supervisor she really liked the position she felt she was contributing and was a great asset and she really enjoyed performing her job duties she only wished she was fully trained, and she could perform her duties without questions, making it seen like Plaintiff was incompetent.

12. As time went on the harassment and disparate treatment continued a regular. Plaintiff started being referred to as being a problem child because of being unfairly trained led Plaintiff to have more inquiry. Plaintiff felt the disparate treatment called for her to go and speak with the owner of the company which was the supervisor. Plaintiff stressed her concerns and was assured she would see some changes.

13. Plaintiff told Advantage Resourcing Staffing she spoke to Dave owner of Softvest.

14. Plaintiff started experiencing flare ups from her Rheumatoid Arthritis, she asked the client if she could go from working RFT to parttime, she was given the approval by owner.

**RETALIATION**

15. Defendants Advantage Resource Staffing Supervisor, Chris Brown participated in retaliation practices by breaking the Terms & Conditions agreement and allowed their customer to end Plaintiff's

employment. This was done after Plaintiff complained about the unfair discriminatory practices she was experiencing. This caused an extremely embarrassing hostile environment scene for Plaintiff in front of other employees. This went against the Defendants Terms & Conditions. Defendants done nothing to stop the retaliation of letting their client end Plaintiff's employment, so therefore Defendants participated in the retaliation by aiding and abetting.

Plaintiff engaged in a protected activity by complaining to both Defendants Advantage Resource Staffing and their client/customer, Softvest, LLC regarding the discrimination Plaintiff was receiving in training, harassment, and verbal abuse. Eventually Defendants Client/customer Softvest employees Tyshanne Phariss, and Belinda (last name unknown) deliberately provoked a conflict by tapering with Plaintiff's Food. Then instigated false accusations against Plaintiff which made Owner, John Daniels gets upset with Plaintiff and end her employment, the entire time Defendants Advantage Resource Staffing supervisor Chris Brown knew their client/customer Softvest was planning to terminate Plaintiff's employment and did nothing to protect Plaintiff according to the Terms & Conditions Defendants had with their client/customer Softvest LLC and Plaintiff. This constitutes engaging in intentional unlawful termination on behalf of Defendants, Advantage Resource Staffing

**ILLEGAL TERMINATION**

16. One week after Plaintiff came eligible to be hired on with Defendants customer/client as a regular fulltime employee, On April 27, 2022, Plaintiff suffered an adverse employment action and was unlawfully illegally terminated by Defendants customer/client Softvest, LLC. which was in violation of the terms and conditions clause on Plaintiff's timesheet provided every week from Defendants Advantage Resource Staffing. Defendant, Advantage Resource Staffing even retaliated against Plaintiff

and tried to deny Plaintiff's unemployment, which Plaintiff was eventually awarded. Plaintiff has since reached a confidential Settlement Agreement with Defendant's Client/customer Softvest during the Texas Workforce Commission Civil Rights Division Alternative Dispute Resolution Mediation.

17. Plaintiff currently has a breach of contract terms and conditions Civil Suit pending in State court.

18. Plaintiff tried to mitigate her damages and would call in available for assignments but was never sent on any other interviews or offered any temporary positions with Defendants Advantage Resource Staffing. Plaintiff accepted a position with Dollar Tree from October 2022 until January 2023, at which time she had to resign because of becoming sick with Covid 19.

## TITLE VII VIOLATION
### Title VII, 42 U.S.C. § 2000e
### Unlawful Employment Practices

19. It will be an unlawful employment practice for employer.

(1)

To fail or refuse to comply with hiring or discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

(2)

To limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

**EMPLOYMENT AGENCY PRACTICES**

It shall be an unlawful employment practice for an employment agency to fail or refuse to refer for employment, or otherwise to discriminate against, any individual because of his race, color, religion, sex, or national origin, or to classify or refer for employment any individual based on his race, color, religion, sex, or national origin.

20. Plaintiff realleges and incorporates by reference the allegations set fourth in paragraphs 7-17 above.

21. All parties mentioned above has indeed participated in acts of retaliation and adverse employment actions against Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant the following relief.

(a) Award backpay in the amount to be determined by the courts at trial to make Plaintiff whole for the loss she suffered because of the discriminatory conduct alleged in this Complaint.

(b) Award compensatory damages to fully compensate Plaintiff for the pain and suffering cause by the discriminatory conduct alleged in this Complaint, pursuant to and within the statutory limitations of Section 102 of the Civil Rights Act of 1991, 42 U.S.C §1981a

Respectfully submitted,

*[signature]*

Sonja J Palmer
1142 Burger St
Abilene, Texas 79603
(720)205-2233
Palmer.sonja@yahoo.com

## CERTIFICATE OF SERVICE

I herby certify that a true and correct copy of the above and forgoing instrument was served on Defendant via clerk of the court on this 29th day of December 2023 addressed as follows.

Advantage Resource Staffing
400 Pine Street, #575
Abilene, Texas 79601